Per Curiam.

The principles upon which this case rests have already been considered and settled in the previous case of Ring and M’Namara v. Franklin. The defendant here, was a mortgagee out of possession, and his ownership had' never been the cause or inducement of the credit which was given by the plaintiff. This being his situation in point of fact, he cannot be made liable for supplies furnished to the ship when he was thus out of possession, provided his real interest in the vessel was established by competent proof.
Upon this point the law .seems to be well settled, that whenever there is a loan and a security furnished for that loan, the fact may be shown by parol proof, even though the instrument forming the security, be absolute in its terms and upon its face. It becomes a question of intention entirely, and if the parties intended that the apparently absolute deed should in truth be but conditional, then that fact may be shown in any form of proof which can establish it. It is not necessary that the defeasance should be in writing; but the real object of the parties in forming the instrument may be proved by parol. The effect of the instrument is not confined to the immediate parties, at all events, if third persons are not prej udiced thereby. In this case there is no pretence that credit was given to this ship, in consequence of the interest, which was vested in Howland. His part ownership in no wise prejudiced the plaintiff, and Howland cannot be made liable from this cause.
As to the evidence which was offered to show the contents of the books kept by the ship’s husband, we think it was rightly rejected at the trial. There was no proof that they were in How-land’s hands, and the admissions of the other defendants, as to that fact, could not prejudice his rights. If the books were jn Russell’s *129 hands he should have been compelled to produce them in the ordinary way, by a supmna duces tecum. At all- events, parol evidence of their contents could not be given as against Hoxvland, until the fact was proved that the books were under his charge. To this point no evidence was produced and the testimony offered was rightfully rejected.
As the plaintiff has brought his action against the defendants jointly, he must show a right of recovery against all, or be non-suited. He has failed to show any liability on the part of How-land, and of course the motion to set aside the nonsuit must be denied.

Motion to set aside the nonsuit denied.

[Sackett, Att'y for the plff. W. Slosson, Att'y for the deft. Howland.] [Hoffman and Tallman, Atty's for the other defts.]